We think the repeated decisions of this court in such cases are not supplanted by the Australian ballot system, and that the reason why neither boards nor courts can enter into a determination of the intention of the voters any further than appears upon the face of the ballot remains undisturbed by the present system of voting.

Judgment reversed, and entered in this court for respondent.

The other Justices concurred.

---

JENNINGS *v.* BOARD OF ELECTION COM'RS OF DELTA COUNTY.

ELECTIONS—CONVENTIONS—NOMINATIONS.

In the absence of fraud, the determination of a political convention as to who are its nominees is final, and mandamus will not be granted to compel the printing on the official ballot of a name not certified, on the theory that relator received a majority of the votes of the convention, the chairman having ruled otherwise, and no appeal having been taken from his ruling.

Mandamus by Ira C. Jennings to compel the board of election commissioners of Delta county to place relator's name upon the official ballot as the republican candidate for judge of probate. Submitted October 7, 1904. (Calendar No. 20,767.) Writ denied October 8, 1904.

The relator and Thomas B. White were candidates for the office of judge of probate at a recent convention of the republican party for the county of Delta, held at Escanaba, in said county. There were 46 delegates present. On the first informal ballot Mr. White received 25 votes, and the relator, Mr. Jennings, received 21. A formal ballot was taken immediately thereafter, and Mr. White re-

ceived 21 votes, and the relator 23.   The chairman ruled
that, as there were 46 delegates present and no one had
received a majority thereof, no nomination had been made.
No appeal was taken from this ruling.   On a subsequent
ballot Mr. White received 24 votes and Mr. Jennings 22.
Mr. White was then declared the nominee of the conven-
tion.   Mr. Jennings, the relator, contends that he was
nominated on the first formal ballot, and asks for a writ of
mandamus to compel the board of election commissioners
to place his name, and his name only, on the official ballot
in the republican column.

*F. D. Mead* (*George Huggett*, of counsel), for relator.

*T. B. White*, for respondent.

PER CURIAM.   We think the case is controlled by
*Stephenson* v. *Election Com'rs*, 118 Mich. 396 (76 N. W.
914, 42 L. R. A. 214, 74 Am. St. Rep. 402), and *Phillips*
v. *Gallagher*, 73 Minn. 528 (76 N. W. 285, 42 L. R. A.
222).

Mandamus will be denied.

137 MICH.—46.