### POTTER *v.* DEUEL.

1. ELECTIONS—NOMINATIONS—PARTY COMMITTEES—COMPOSITION— CONTROL BY COURTS.

In the absence of controlling legislation, the composition of a political committee according to the custom and usage of the party, with the sanction of the conventions of the party, will not be disturbed by the courts.

2. SAME—CONVENTIONS—PROXIES—STATUTORY PROVISIONS.

Section 11466, 3 Comp. Laws, forbidding delegates to political conventions from giving proxies, and requiring vacancies to be filled by the delegation, if applicable to a meeting of a district committee called for the purpose of filling a vacancy on the ticket, is not violated where the committee by majority vote seat a citizen of an otherwise unrepresented county, who presents a proxy from the committeeman from that county.

Mandamus by Fred N. Potter to compel Andrew L. Deuel and Victor D. Sprague, chairman and secretary of the 29th senatorial committee, to certify the nomination

of Alonzo B. Green as a candidate to the constitutional convention. Submitted September 11, 1907. (Calendar No. 22,464.) Writ denied September 12, 1907.

*O'Brien & Francis,* for relator.

*Frost & Sprague* and *Halstead & Halstead,* for respondents.

PER CURIAM. A convention of the electors of the twenty-ninth senatorial district on August 13, 1907, at the city of Cheboygan, nominated three candidates for delegates to the constitutional convention, one from Otsego, one from Presque Isle, and the other from Alpena county. The candidate from Alpena county declined the nomination. Thereafter, at a meeting of the senatorial committee, two candidates to fill the vacancy were voted for, and one of them, A. L. Deuel, of Petoskey, was declared to have been elected. The relator, a member of said senatorial committee, asks for a writ of mandamus to the chairman and secretary, respectively, of the said committee, commanding them to certify the election of Alonzo B. Green, of Alpena, to fill said vacancy, and to the county clerks of the counties composing said district, commanding them to desist from placing the name of said Deuel upon the official ballot; and if it be determined that said Green was not legally elected to fill the vacancy, that the members of said senatorial committee be commanded to assemble and proceed to nominate a candidate to fill the vacancy. It is alleged that said committee consists of six members, one from each of the counties of Alpena, Presque Isle, Montmorency, Otsego, Cheboygan, and Emmet; that Deuel, the acting chairman, and Sprague, the acting secretary, of said senatorial committee, were not members of said committee; that at the election held by said committee to fill said vacancy there were present the committeemen from Presque Isle, Montmorency, Otsego, Cheboygan, and Alpena; that said Deuel and said Sprague also attended, as did also H. S. Babcock, the proxy of the

committeeman from Emmet; that in voting for a candidate to fill said vacancy said Deuel and the said Babcock voted, seven votes in all being cast, of which Alonzo B. Green received three and the said Deuel received four votes.

Upon the petition of the relator and the answer thereto, the parties have proceeded to hearing. The facts set up in the answer, so far as they are responsive to the allegations of the petition, for the purposes of this hearing, must be taken as true. It appears from the answer that the senatorial committee consists of eight instead of six members, and that for many years it has been the custom and usage of the republican party of said senatorial district to have a committee of eight members, composed of a chairman and secretary and a member from each county; that by a like custom and usage the candidate for senator has been authorized and empowered to appoint a secretary and a chairman of the committee; that at the senatorial convention held on the 31st of May, 1906, at the city of Petoskey, the usual motion was made and carried that the usual committee of eight be appointed, and the candidate nominated for State senator was authorized and empowered to appoint a chairman and a secretary of said committee. Six members of the committee from the different counties were elected and the nominee of the convention appointed as chairman A. L. Deuel, and as secretary Victor D. Sprague. These gentlemen as chairman and secretary, respectively, certified the nomination of said candidate for senator and performed the duties of chairman and secretary of said committee during the succeeding campaign and until now. As chairman and secretary, they called the convention to nominate candidates as delegates to the constitutional convention, and certified the nominations made at that convention to the secretary of State and the probate judges and county clerks of the various counties in said district. When Mr. Babcock presented himself as the proxy of the regular committeeman from Emmet county, relator objected to his being

allowed to vote. The chairman ruled that he was entitled to represent Emmet county on the committee,—

"And the committee thereafter approved the action of said chairman in seating said Babcock as a member of said committee and seated Mr. Babcock accordingly; that only two members of the committee voted against Mr. Babcock being allowed to vote. ' * * * Mr. Babcock did not vote, neither did the secretary."

It appears further that the nomination of said Deuel to fill said vacancy has been certified by the committee to the secretary of State and to the judge of probate and county clerk of each of the counties of said senatorial district, and that ballots have been printed accordingly.

The writ must be denied. In the absence of controlling legislation, the composition of the committee according to the custom and usage of the party with the sanction of the conventions of the party will not be disturbed by courts. We are referred by counsel for relator to no such statute. See *Stephenson* v. *Election Com'rs*, 118 Mich. 396 (42 L. R. A. 214); *Jennings* v. *Election Com'rs*, 137 Mich. 720.

Assuming that Mr. Deuel was a member of the committee, a majority of the committee voted to seat Mr. Babcock. We are referred to 3 Comp. Laws, § 11466, which forbids a delegate elected to any city, county, congressional, or State political convention to give a proxy to any person to represent him at such convention, and requiring such vacancies occurring in any delegation in any such convention to be filled by a majority vote of said delegation, etc. The statute does not in terms refer to such a convention as the one whose proceedings are before us. And if it can be said that the senatorial committeemen should be treated as delegates to a convention to elect a candidate, it still appears that there was a vacancy occasioned by the absence of the delegate from Emmet county which was filled by the delegation itself by seating a citizen of that county.